[No. 664.   Decided November 1, 1892.]

## J. A. ARMENT, *Respondent*, v. JOHN R. HENSEL, *Appellant*.

PUBLIC LANDS—OPPOSING CLAIMANTS—TRESPASS—INJUNCTION.

Under § 663, Code Proc., injunction is authorized by a claimant to land under the laws of the United States against another claimant who is "threatening to commit upon such land waste which tends materially to lessen the value of the inheritance, and which cannot be compensated by damages;" and among the injuries to such land for which money damages will not be adequate compensation is the removal of the trees standing thereon. (DUNBAR, J., dissents.)

*Appeal from Superior Court, Klickitat County.*

*Presby & Spalding*, for appellant.

*Stott, Boise & Stott*, for respondent.

The opinion of the court was delivered by

STILES, J.—The parties to this action are rival claimants to a certain tract of land embraced within the lands forfeited to the United States by the Northern Pacific Rail-

road Company, by the act of congress approved September 29, 1890, entitled "An act to forfeit certain lands heretofore granted for the purpose of aiding the construction of railroads, and for other purposes," 26 St. at Large, 496. Each has made his application to the local land officers to purchase under the terms of the act. Respondent alleged and proved that he was in possession of the land; that appellant had cut thirty cords of wood therefrom, and threatened to cut more, to the permanent injury of the freehold; that appellant was insolvent, etc. The main purpose of the action was to obtain an injunction to restrain further cutting of timber, pending the determination of the question of right to purchase in the land office.

Suit was brought under Code Proc., § 663, which reads:

" When any two or more persons are opposing claimants under the laws of the United States to any land in this state, and one is threatening to commit upon such land waste which tends materially to lessen the value of the inheritance, and which cannot be compensated by damages, and there is imminent danger that unless restrained such waste will be committed, the party, on filing his complaint and satisfying the court or judge of the existence of the facts, may have an injunction to restrain the adverse party. In all cases he shall give notice and bond as is provided in other cases where injunction is granted, and the injunction when granted shall be set aside or modified as is provided generally for injunction and restraining orders.''

Judgment was entered for the plaintiff.

The main contention now made is, that no such state of things exists as would ordinarily justify an injunction. The title is admitted to be in the United States. Plaintiff showed nothing but possesson and a claim of right to purchase. The defendant was not alleged or admitted to be a person rightfully upon the land or any other than a trespasser. The complaint was based upon an alleged "waste" which can be committed only by a person rightfully in pos-

session by virtue of a temporary or partial estate, as a tenant. Waste may be enjoined. But "trespass," on the other hand, is not ordinarily remedied by injunction, except in peculiar cases.

All this might have been urged with prospect of success, but for the statute which is quoted above. This statute speaks of "waste which tends materially to lessen the value of the inheritance, and which cannot be compensated by damages." But that it is not the technical "waste" known to the real property system of England and this country is evident from the fact that it is presupposed to be committed by persons who are mere hostile claimants under the laws of the United States, without regard to title, or rightfulness of claim, or possession. So in regard to the damages spoken of; the impossibility to compensate does not refer to the insolvency of the person committing the waste, nor to the magnitude of the injury. Money damages will compensate almost any imaginable injury to land, but this statute assumes that the peculiar character of land, which is its subject, will afford instances where money will be inadequate, in some other sense than that of insufficiency. The removal of trees from land still the property of the government, and therefore probably in its natural condition, is the very first injury which would tend to materially lessen the value of the inheritance likely to be committed by persons entering thereon; and damages will not compensate their loss in the sense intended by the statute.

Therefore the injunction must stand, and the judgment is affirmed.

ANDERS, C. J., and HOYT and SCOTT, JJ., concur.

DUNBAR, J. (*dissenting*).—I am unable to concur in the majority opinion. I think in the first instance the demurrer to the complaint should have been sustained. The

allegations of the complaint were not sufficient to bring it under the provisions of § 663 of the code, for it does not appear from the complaint that there were two or more claimants under the laws of the United States to the land in question, which is a condition precedent to relief under that section, and it is admitted by the respondent that the complaint would not be good outside of the provisions of that section. But this being a case of equitable cognizance the subsequent answer must be held to correct the complaint in that respect, as it alleges a claim of the defendant to the land under the laws of the United States.

Under the pleadings and proofs, however, I think the plaintiff failed to make out his case. I cannot give as broad a construction to the statute as my brothers do. I do not think there is anything in the language used that will justify the conclusion that equity can be invoked until it appears that there is no legal remedy, or that implies that there is no legal remedy in this kind of a case. Why will not "damages compensate the loss of trees?" It is certainly not a sentimental loss which the statute is guarding against. If it is not, but it is actual damage which can be estimated, equity will not interpose until it appears that the law is powerless. This was the theory of the complaint. Many of the allegations are of actual, estimated damages, including the value of wood cut, alleged to be of the value of one hundred dollars, which the plaintiff asked to have the defendant restrained from removing; damage to the meadows, etc. To bring himself within the rule, and sustain the conclusion of law, pleaded "that he had no plain, speedy or adequate remedy at law," the plaintiff alleges the fact to be that the defendant is insolvent, and unable to respond in damages for said wrongful acts and trespasses. This, I think, was a material allegation, and one which was necessary to sustain the complaint. Being necessary to allege it, it is equally necessary to prove it, it

being denied by the answer. Nothing appears either in the proof or the findings of fact to sustain this allegation, and the relief asked for should, therefore, I think, have been denied. I have nothing to urge against the policy of the law absolutely restraining claimants under such circumstances from cutting timber, or from committing any other kind of waste, and am perfectly willing to concede that such enactment would be a wise and wholesome one, but I cannot thus construe said § 663.